IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 01-186 |
| ) | <u>See</u> Civil No. 16-740 |
| JAMES A. MOSES, ) | |
| ) | |
| Defendant/petitioner. ) | |

O R D E R

AND NOW, this 18th day of September, 2018, upon consideration of Defendant/petitioner ("Petitioner") James A. Moses' Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 50), filed in the above captioned matter on June 6, 2016, and Supplemental Brief Addressing the Impact of *Beckles v. United States* on Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 64), filed on May 31, 2017, and in further consideration of the Government's response thereto (Doc. No. 67), filed on July 31, 2017, and Petitioner's reply (Doc. No. 80), filed on December 11, 2017,

IT IS HEREBY ORDERED that Petitioner's Motion and Supplemental Brief are DISMISSED. IT IS FURTHER ORDERED that a certificate of appealability is issued on the issue of whether the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), recognized a due process right to bring a vagueness challenge to the residual clause of Section 4B1.2(a) of the mandatory Sentencing Guidelines, thereby permitting Petitioner to file his motion pursuant to 28 U.S.C. § 2255(f)(3).

On November 29, 2001, Petitioner pled guilty to Count One of the indictment, charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and Count Two, charging him with carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). In the Tentative Findings and Rulings of this Court, upon review of the Presentence Investigation Report and the parties' responses thereto, the Court found that Petitioner qualified as a career offender pursuant to Sections 4B1.1 and 4B1.2 of the United States Sentencing Guidelines as to Count One, and that the guideline range of imprisonment for that count was 151-188 months. (Doc. No. 31). On March 7, 2002, the Court sentenced Petitioner to a term of imprisonment of 151 months at Count One, with a consecutive 60-month term of imprisonment at Count Two, to be followed by a term of supervised release of 36 months at each of Counts One and Two, to be served concurrently. Petitioner initially appealed his conviction and sentence, but later withdrew said appeal.

On June 6, 2016, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 arguing that he was entitled to relief pursuant to the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the so-called "residual clause" set forth in the definition of what constitutes a violent felony in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and that therefore enhancing a sentence under this clause violates due process. Although Petitioner was not sentenced under the ACCA, he contends that Johnson also applies to the similarly worded residual clause in Section 4B1.2(a) of the Sentencing Guidelines. He argues, therefore, that Johnson renders the residual clause of Section 4B1.2(a) unconstitutionally vague and that convictions found to constitute crimes of violence under that clause cannot be used to support a finding that he qualifies as a career offender.

Petitioner acknowledges that, on March 6, 2017, the Supreme Court, in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), held that the Sentencing Guidelines, in their advisory form, were not subject to challenge based on the vagueness doctrine, and, therefore, that <u>Johnson</u> does not apply to determinations of what is or is not a crime of violence for advisory guideline purposes. He contends, however, that since he was sentenced prior to the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), he was not subject to the Guidelines in their advisory form, but rather their mandatory form. He argues that the mandatory Guidelines are governed by <u>Johnson</u> and therefore, that the residual clause of Section 4B1.2(a), like the nearly identical one in the ACCA, is unconstitutionally vague for purposes of his case.

The Government, while disagreeing with Petitioner on the merits of his claim, also argues that his motion was not timely filed under 28 U.S.C. § 2255(f)(3). It bases this argument on its claim that the Supreme Court has not extended <u>Johnson</u> to the mandatory Guidelines, and, that, as a result, Petitioner cannot avail himself of the only provision of Section 2255(f) that would render his motion timely. Petitioner, in his reply, disagrees with the Government's position. While this was certainly an open legal question at the time the issue was briefed by the parties, the Third Circuit Court of Appeals has recently decided the question in the Government's favor.

To file a motion under Section 2255, a petitioner must satisfy, *inter alia*, the requirements of subsection (f), which imposes a one-year time limit on filing Section 2255 motions. Specifically, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final over a decade ago, and there is no claim, nor any indication in the record, that subsections (2) or (4) apply. What Petitioner does assert is that his claim, based on Johnson, was timely under subsection (3). As noted above, to be timely under 2255(f)(3), a motion must be filed within one year of the date on which the right asserted was initially recognized by the Supreme Court. Petitioner argues that the right he asserts was recognized by the Supreme Court in Johnson in 2015. If correct, there would be no question that the present motion would be timely under subsection (f)(3), as it was filed within a year of that decision being issued. However, the Court finds that Petitioner is not correct because Johnson did not recognize any right applicable to the mandatory Sentencing Guidelines.

As noted, this question was an open one in this Circuit until recently. However, last month, in United States v. Green, 898 F.3d 315 (2018), the Third Circuit, in a precedential decision, held that Johnson did not recognize a due process right to bring a vagueness challenge to the mandatory Sentencing Guidelines. The Circuit Court noted that, in Beckles, the Supreme Court rejected a challenge based on Johnson to the advisory Guidelines, and that it "left open" and "t[ook] no position on" the question of whether the mandatory Guidelines could be challenged on such

grounds. 898 F.3d at 320-21. It found, therefore, that the holding in Johnson was limited to the residual clause of the ACCA, and that it did not recognize a broader right applicable to similar residual clauses such as the one in Section 4B1.2(a) of the Guidelines. See id. at 321. Accordingly, the Third Circuit found that the petitioner's Section 2255 motion, although filed within a year of Johnson, was untimely under Section 2255(f)(3). See id. at 322-23.

The issues here are precisely the same as in Green. Petitioner relies on Section 2255(f)(3) to establish the timeliness of his motion. The right he asserts is the right to challenge the residual clause of the mandatory Sentencing Guidelines on vagueness grounds under Johnson. As this Court is bound by Green, it finds here, as the Circuit Court did in that case, that Johnson recognized no such right and that Petitioner cannot rely on Section 2255(f)(3) as the basis for filing his motion. Indeed, even were it not binding, this Court finds the opinion in Green to be well-reasoned and persuasive.

Accordingly, Petitioner's motion is dismissed as untimely. However, the Court will issue a certificate of appealability so that Petitioner may raise this issue before the Third Circuit if he so chooses. Although Green is precedential, it is a panel decision, rather than an *en banc* one. Further, the legal question of whether Johnson recognized a right to challenge the residual clause of the mandatory Guidelines on vagueness grounds remains an open one, with courts such as the Seventh Circuit Court of Appeals disagreeing with the Third Circuit's holding in Green. See Cross v. United States, 892 F.3d 288 (7th Cir. 2018). As such, it is possible that this issue could be resolved differently on appeal, whether by the full Third Circuit or possibly by the Supreme Court. Again, while this

Court agrees with the holding in <u>Green</u>, it is bound by it in any event, so whatever argument Petitioner may want to make should be directed to the Appellate Court at this point.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:	Counsel of record